**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAMON DIAZ and CANDACE AGATE, individually and on behalf of a class of persons similarly situated, and on behalf of the BTG International, Inc., Profit Sharing 401(k) Plan,<br><br>       Plaintiffs,<br><br> v.<br><br>BTG INTERNATIONAL, INC., BTG INTERNATIONAL, INC., PROFIT SHARING 401(k) PLAN COMMITTEE with each individual committee member identified as JOHN and JANE DOES 1-20, UNKNOWN MONITORING DEFENDANT with individual members of the Monitoring Defendant identified as JOHN and JANE DOES 21-31 and UNKNOWN FIDUCIARIES with its individual members identified as JOHN and JANE DOES 32-42,<br>       Defendants. | **CIVIL ACTION NO**.:<br>2:19-cv-01664-MSG |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................1

II.  ARGUMENT........................................................................................................................1

    A.   The Dissemination of the class Notice was Extremely Effective ............................1

    B.   The Complete Absence of Objections Further Supports the Adequacy of the Settlement as well as Class Counsel's Requested Attorneys' Fees and Case Contribution Awards t the Named Plaintiff .....................................................3

    C.   Newport Trust Company Authorizes the Settlement ...............................................5

III. CONCLUSION.....................................................................................................................6

i

# **TABLE OF AUTHORITIES**

PAGE(S)

**Statutes**

F̲ED̲. R̲. C̲IV̲. P. 23(e). ................................................................................................................ 2

**Cases**

*Aetna Securities Litig.*,
2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ........................................................................ 4

*Alexander v. Washington Mut., Inc.*,
2012 WL 6021103, *5 (E.D. Pa. Dec. 4, 2012) ......................................................................... 4

*Boyd v. Coventry Health Care Inc.*,
299 F.R.D. 451, 469 (D. Md. 2014) ........................................................................................... 4

*Bradburn Parent Teacher Store, Inc. v. 3M*,
513 F.Supp.2d 322, 331 (E.D. Pa. 2007) ................................................................................... 3

*Fisher Bros. v. Phelps Dodge Industries, Inc.*,
604 F.Supp. 446, 451 (E.D. Pa. 1985) ....................................................................................... 3

*Joseph v. Bureau of Nat. Affairs, Inc.*,
No. 13-cv-1056, 2014 WL 5471125, at *4 (E.D. Va. Oct. 28, 2014) ......................................... 5

*Linerboard Antitrust Litig.*,
296 F.Supp.2d 568, 578 (E.D. Pa. 2003) ................................................................................... 3

*Linerboard Antitrust Litig.*,
2004 WL 1221350, at *5 (E.D. Pa. June 2, 2004) ..................................................................... 4

*Moore v. GMAC Mortgage*,
2014 WL 12538188, at *3 (E.D. Pa. Sept. 19, 2014) ................................................................. 4

*Rite Aid Corp. Securities Litig.*.
396 F.3d 294, 305 (3d Cir. 2005) ............................................................................................... 4

*Sala v. Nat'l R.R. Passenger Corp.*,
721 F.Supp. 80, 83 (E.D. Pa. 1989) ........................................................................................... 3

*Savani v. URS Professional Solutions LLC*,
No. 06-cv-2805, 2014 WL 172503, at *1 (D.S.C. Jan. 15, 2014) .............................................. 5

*Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*,
2005 WL 1213926, *10 (E.D. Pa. May 19, 2005) .......................................................................... 4

*The Mills Corp. Sec. Litig.*,
265 F.R.D. 246, 257-258 (E.D. Va. 2009) ................................................................................... 3

*Wallace v. Powell*,
288 F.R.D. 347, 368 (M.D. Pa. 2012) ......................................................................................... 3

## I.     INTRODUCTION

Plaintiffs Ramon Diaz and Candace Agate (collectively, "Named Plaintiffs" or "Plaintiffs"), participants in the BTG International, Inc. Profit Sharing 401(k) Plan (the "Plan"), respectfully submit this Supplemental Memorandum of Law in further support of their unopposed motions (1) for an Order Granting Final Approval of Class Action Settlement,[1] Certification of the Settlement Class, and Final Approval of the Plan of Allocation (the "Motion for Final Approval") (ECF Nos. 46-47), and for an Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to the Named Plaintiffs ("Motion for Fees and Expenses") (ECF Nos. 48-49), both filed with the Court on December 7, 2020.  Plaintiffs submit this Supplemental Memorandum to (a) update the Court with regard to the dissemination of the Class Notice, (b) inform the Court that there have been no objections to any aspect of the Settlement, (c) and inform the Court that the Independent Fiduciary appointed to review the Settlement has approved it.

## II.    ARGUMENT

### A. The Dissemination of the Class Notice was Extremely Effective.

As explained in Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement (the "Final Approval Memorandum") (ECF No. 47), JND Legal Administration LLC ("JND"), an experienced class action claims administrator, mailed individual Class Notices to 1,555 members of the Settlement Class on October 9, 2020.  *See* ECF No. 50 at ¶ 25.  JND has provided a supplemental affidavit to describe its efforts to disseminate the Class Notice since the filing of the Final Approval Memorandum.  *See* Supplemental Declaration of

---

[1] All capitalized terms not defined herein are defined in the Settlement Agreement previously filed with the Court as Exhibit 1 to the Declaration of Mark K. Gyandoh in Support of Plaintiffs' Motion for Final Approval of Settlement and In Support of Motion for An Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards for the Class Representatives (the "Gyandoh Declaration") (ECF No. 50).

1

Jennifer M. Keough, executed January 6, 2021 ("Keough Suppl. Decl."), attached hereto as Exhibit 1. As of the date of the Supplemental Affidavit, a total of only 96 Class Notices addressed to Settlement Class Members have been returned by the United States Postal Service (USPS) as undeliverable as addressed. *See* Keough Suppl. Decl., ¶ 5. Advanced researched was conducted and 48 of the 96 undeliverable Class Notices were remailed to updated addresses. *Id.* Of the 48 remailed Class Notices, only 4 were returned as undeliverable. *Id.*

Moreover, since October 9, 2020, JND has also maintained a toll-free number with an Interactive Voice Response ("IVR") system for Settlement Class Member inquiries wherein an automated attendant answers calls, and presents Settlement Class Members with a series of choices in response to basic questions, offers callers the opportunity to request that a Class Notice be sent to them, and also provides the option to leave a message for Class Counsel. As of the date of the Supplemental Declaration, there have been a total of 29 calls. *Id.* at ¶ 11.

Additionally, the Class Notice, Amended Complaint, Settlement Agreement, and other Settlement-related documents were published on a dedicated Settlement website – www.BTGInternationalERISAsettlement.com – on October 9, 2020. As of the date of the Supplemental Declaration, the website has tracked 199 unique users who registered 415 page views. *Id.* at ¶ 9.

Due to the 97% rate of the individual Class Notice mailing program, coupled with the Publication Notice, the dedicated website, and the toll-free telephone number, Class Counsel believes the effectuation of Class Notice has, without doubt, satisfied the requirements of due process and FED. R. CIV. P. 23(e).

> **B. The Complete Absence of Objections Further Supports the Adequacy of the Settlement as well as Class Counsel's Requested Attorneys' Fees and Case Contribution Awards to the Named Plaintiffs.**

As noted above, the Class Notice program successfully informed the Settlement Class Members of both the substance of the proposed Settlement and the process for making an objection to any aspect of it. The Class Notice, Publication Notice, and Settlement website all informed the Settlement Class that this Court had set December 24, 2020 as the deadline by which any objection to the proposed Settlement was to be filed. *See* ECF No. 50 at ¶ 27. To date, zero objections have been filed in this Action.

As this Court itself has previously recognized, the absence of objections is a factor supporting the adequacy of a proposed settlement. *See, e.g.*, *In re Linerboard Antitrust Litig.*, 296 F.Supp.2d 568, 578 (E.D. Pa. 2003) ("the absence of objections, strongly militates a finding that the settlement is fair and reasonable"); *Fisher Bros. v. Phelps Dodge Industries, Inc.*, 604 F.Supp. 446, 451 (E.D. Pa. 1985) ("'[T]his unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.'"); *Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F.Supp.2d 322, 331 (E.D. Pa. 2007) ("This total absence of objections argues in favor of the proposed Settlement."); *Sala v. Nat'l R.R. Passenger Corp.*, 721 F.Supp. 80, 83 (E.D. Pa. 1989) ("The utter absence of objections from the class itself militates strongly in favor of approval of the settlement."); *Wallace v. Powell*, 288 F.R.D. 347, 368 (M.D. Pa. 2012) ("The lack of objections and the low number of opt outs demonstrate a general acceptance of the Settlement by Class Members.")

As reasoned by the court in *The Mills Corp.*, "[a]fter receiving the notices, not a single putative class member objected to the settlements. This gives the Court a great deal of confidence in the settlements [*sic*] adequacy." *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257-258 (E.D. Va. 2009). Given the same lack of objections to the Settlement in this Action, Plaintiffs respectfully submit that the reasoning is equally warranted here.

3

Similarly, the Third Circuit in *In re Rite Aid Corp. Securities Litig.* extended this reasoning for a request for attorneys' fees. *See, e.g.*, *In re Rite Aid Corp. Securities Litig.*. 396 F.3d 294, 305 (3d Cir. 2005) ("The District Court did not abuse its discretion in finding the absence of substantial objections by class members to the fee requests weighed in favor of approving the fee request."); *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, 2005 WL 1213926, *10 (E.D. Pa. May 19, 2005) ("The Court finds that the absence of objections, and the support of the three named Plaintiffs, weighs in favor of approval of the requested fee in this case."); *In re Linerboard Antitrust Litig.*, 2004 WL 1221350, at *5 (E.D. Pa. June 2, 2004) ("The absence of objections supports approval of the Fee Petition."); *In re Aetna Securities Litig.*, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("the Class Member's view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award").  Here, Class Counsel informed potential Settlement Class Members in both the Class Notice and the Publication Notice that it would seek up to 33 1/3% of the Class Settlement Amount in attorneys' fees.  No objections were received in response to Class Counsel's fee application.

Similarly, the Class Notice informed that the Named Plaintiffs would be asking the Court to award them up to $10,000.00 each as a Case Contribution Award for their representation of the Settlement Class.  *See* Class Notice at 3 (ECF No. 50-1).  The fact that no objections have been filed regarding the awards supports the conclusion that the request should be approved. *See, e.g.*, *Alexander v. Washington Mut., Inc.*, 2012 WL 6021103, *5 (E.D. Pa. Dec. 4, 2012) (case contribution award of $2,500 deemed appropriate when "[n]o objections to the request were received"); *Moore v. GMAC Mortgage*, 2014 WL 12538188, at *3 (E.D. Pa. Sept. 19, 2014) (approved $5,000 case contribution award when class members provided no objections finding "the $5,000 request is consistent with case contribution awards in similar cases"); *Boyd v. Coventry*

4

*Health Care Inc.*, 299 F.R.D. 451, 469 (D. Md. 2014) (approving case contribution award, noting, "the Settlement Agreement—to which no one has objected—contemplates an incentive payment of $5,000 to each Named Plaintiff, in addition to their receipt of a settlement payment."); *Savani v. URS Professional Solutions LLC*, No. 06-cv-2805, 2014 WL 172503, at *1 (D.S.C. Jan. 15, 2014) ("Class members were given the opportunity to object to fees, costs and/or incentive awards in compliance with Fed. R. Civ. P. 23(h)(2). No objections were filed."); *Joseph v. Bureau of Nat. Affairs, Inc.*, No. 13-cv-1056, 2014 WL 5471125, at *4 (E.D. Va. Oct. 28, 2014) (approving requested case contribution awards of $5,000 to the named plaintiffs, noting "[t]here have been no objections to ... the Case Contribution Awards and reimbursement of expenses to Class Representatives.").

Thus, Plaintiffs respectfully submit that the fact that zero objections have been received is strong support for the fairness, reasonableness, and adequacy of the Settlement, as well as Class Counsel's requested attorneys' fees, and the request for the Case Contribution Awards to the Named Plaintiffs.

### C. Newport Trust Company Authorizes the Settlement.

BTG International, Inc. engaged Newport Trust Company ("Newport Trust") to serve as the Plan's independent fiduciary. *See* Newport Trust Company Statement of Independent Fiduciary dated December 21, 2020 ("Newport Statement"), attached hereto as Exhibit 2 at p. 1. Newport Trust has extensive experience in serving as an independent fiduciary in connection with settlements related to ERISA actions. *See* Exhibit 2 at p. 1. After reviewing various documents related to the case, considering the merits of the Plaintiffs' claims and the arguments for both Parties, the amount of cash consideration paid in connection with the Settlement, the terms of the Settlement Agreement, the Plan of Allocation, as well as Plaintiffs' counsel's request for attorneys'

fees, Newport Trust determined "the Plan should not object to the Settlement or any portion thereof, including but not limited to the request attorneys' and costs." *See* Exhibit 2 at p. 1-2. As such, Newport Trust "authorizes the Plan's participation in the Settlement." *See* Exhibit 2 at p. 2.

### III.   CONCLUSION

For the reasons set forth herein, and in Plaintiffs' prior submissions in connection with the Settlement, Plaintiffs respectfully request that the Court grant their unopposed Motions for Final Approval and for Fees and Expenses.

DATED:  January 6, 2021                                  Respectfully submitted,

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire
Donald R. Reavey, Esquire
Gabrielle Kelerchian
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (717) 233-4101
Facsimile: (717) 233-4103

*Class Counsel*

## **CERTIFICATE OF SERVICE**

I certify that, on January 6, 2021, I caused the foregoing to be filed with the Clerk of the Court via the CM/ECF system, which will deliver notification of filing to all counsel of record.

                                                      */s/ Mark K. Gyandoh*
                                                     Mark K. Gyandoh, Esquire