UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON DIAZ AND CANDACE AGATE, : | |
| Plaintiffs, : | |
| : | 19-cv-1664-JMY |
| v. : | |
| : | |
| BTG INTERNATIONAL INC., et al., : | |
| Defendants. : | |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

This *Action* came before the *Court* for hearing on January 21, 2021 to determine the fairness of the proposed *Settlement* presented to the *Court* and the subject of this *Court's* Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for a Fairness Hearing.  Due notice having been given and the *Court* having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and italicized terms used in this Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* executed by *Named Plaintiffs* and *Defendants*.

1.	The *Court* has jurisdiction over the subject matter of the *Action* and over all *Parties* to the *Action*, including all members of the *Settlement Class*.

2.	For the sole purpose of settling and resolving the *Action*, the *Court* certifies this *Action* as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The *Settlement Class* is defined as:

> All current and former participants and beneficiaries (excluding *Defendants* and their *Immediate Family Members*) of the *Plan* at any time between April 17, 2013, and the November 20, 2018.

1

3. The *Court* finds for the sole purpose of settling and resolving the *Action* that:

(a) as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and the *Settlement Class* is so numerous that joinder of all members is impracticable.

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the *Settlement Class*.

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class* that the *Named Plaintiffs* seek to certify.

(d) as required by FED. R. CIV. P. 23(a)(4), the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the interests of the *Named Plaintiffs* and the nature of the alleged claims are consistent with those of the *Settlement Class* members; and (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*.

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action*; or (ii) adjudications as to individual *Settlement Class* members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)  as required by FED. R. CIV. P. 23(g), *Class Counsel* are capable of fairly and adequately representing the interests of the *Settlement Class*, and that *Class Counsel*: (i) have done appropriate work identifying or investigating potential claims in the *Action*; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Settlement Class*.

4. The *Court* hereby appoints *Named Plaintiffs* Ramon Diaz and Candace Agate as class representatives for the *Settlement Class* and Capozzi Adler, P.C., as *Class Counsel* for the *Settlement Class*.

5. The *Court* hereby finds that the *Settlement Class* has received proper and adequate notice of the *Settlement*, the *Fairness Hearing*, *Class Counsel's* application for attorneys' fees and reimbursement of litigation costs and for *Case Contribution Awards* to the *Named Plaintiffs*, and the *Plan of Allocation*, such notice having been given in accordance with the *Preliminary Approval Order*. Such notice included individual notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well as notice through a dedicated *Settlement* website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6. The *Court* hereby approves the *Settlement Agreement* and hereby Orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to FED. R. CIV. P. 23(e), the *Court* finds that the *Settlement* embodied in the *Settlement Agreement* is fair, reasonable and adequate, and more particularly finds that:

(a) The *Settlement* was negotiated vigorously and at arm's-length by counsel for the *Defendants*, on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Settlement Class*, on the other hand;

(b) *Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(c) This *Action* settled during a stay of the litigation;

(d) If the *Settlement* had not been achieved, *Named Plaintiffs* and the *Defendants* faced the expense, risk, and uncertainty of extended litigation;

(e) The amount of the *Settlement* – Five Hundred Sixty Thousand Dollars ($560,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the *Class Settlement Amount* is efficient, relying on *Defendants'* records and requiring no filing of claims. The *Settlement* terms related to attorneys' fees do not raise any questions concerning fairness of the *Settlement,* and there are no agreements, apart from the *Settlement,* required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The *Class Settlement Amount* is within the range of settlement values obtained in similar cases;

(f) At all times, the *Named Plaintiffs* and *Class Counsel* have acted independently of *Defendants* and in the interest of the *Settlement Class*; and

(g) The *Court* has duly considered and overruled any filed objection(s) to the *Settlement*, to the extent there were any.

8. The *Plan of Allocation* is finally approved as fair, reasonable, and adequate. *Class Counsel* shall direct distribution of the *Net Proceeds* in accordance with the *Plan of Allocation* and the *Settlement Agreement*.

9. The *Releases* set forth in the *Settlement Agreement*, including but not limited to Section 3 of the *Settlement Agreement*, together with the definitions contained in Sections 1.35, 1.36, and 1.37 of the *Settlement Agreement* relating thereto, are expressly incorporated herein in all respects. The *Releases* are effective as of the date this *Judgment* becomes *Final*. Accordingly, the *Court* orders that, as of the date this Order becomes *Final*:

A. The *Named Plaintiffs*, on behalf of themselves and each member of the *Settlement Class*, shall release the *Released Parties* from the following claims (the "*Released Claims*"): any and all past, present, and future claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), accrued or not, known or unknown, by or on behalf of the *Plan*, the *Named Plaintiffs*, and each and every member of the *Settlement Class*, and their respective heirs, beneficiaries, executors, administrators, past and present parties, agents, attorneys, and assigns that: (a) involve the overall structure, management, or monitoring of the *Plan's* investment menu; (b) the selection, monitoring, oversight, retention, fees, expenses, or performance of the *Plan's* investments; (c) the selection, monitoring, oversight, retention, fees, expenses, or performance of the *Plan's* service providers, including without limitation administrative and/or recordkeeping service providers, (d) fees, costs, or expenses charged to, paid, or reimbursed by, or authorized to be paid or reimbursed by the *Plan*, (e) disclosures, filings or failures to disclose information

5

regarding the *Plan's* investment options or service providers, (f) disclosures or failures to disclose relationships among fiduciaries, service providers, and investment managers for the *Plan*, (g) compliance with the *Plan's* governing documents with respect to the selection and monitoring of the *Plan's* investments or service providers; (h) any assertions regarding revenue sharing paid, received, or not recaptured in connection with the *Plan*; or (i) arise out of the *Action* or are in any way related to any of the acts, omissions, facts, matters, transactions, or occurrences alleged in the *Complaint*. With respect to the *Released Claims*, it is the intention of the *Parties* and all other members of the *Settlement Class* and the *Plan* to expressly waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that "[a] general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable. This release does not include any claims that the *Named Plaintiffs* or the *Settlement Class* have for vested benefits under the terms of the *Plan*.

    B. *Defendants* (or their *Successors-In-Interest*) shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Named Plaintiffs* and *Class Counsel* from all *Claims* of Defendants related to the institution or prosecution of the *Action* or relating to the *Settlement* of this *Action* except that the release shall not include claims relating to the covenants or obligations set forth in the *Settlement Agreement*.

  10. Upon this *Judgment* becoming *Final*, the *Plaintiffs* and the *Plan* shall be permanently and finally enjoined, without the necessity of posting a bond, from commencing or

prosecuting any actions or other proceedings asserting any of the *Released Claims* either directly, indirectly, derivatively, or in any other capacity, against any of the *Released Parties*.

11. The *Action* is hereby dismissed without prejudice with a direction to the *Clerk* of the *Court* to enter final judgment pursuant to FED. R. CIV. P. 54(b), finding that there is no just reason for delay of enforcement or appeal of the instant Order. The dismissal without prejudice is solely to allow the *Court* to supervise the administration of the *Settlement*.

12. The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, *Plan of Allocation*, this *Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and *Case Contribution Awards* to the *Named Plaintiffs*, and reimbursements of litigation costs, submitted pursuant to the *Settlement Agreement*.

13. In the event that the *Settlement Agreement* is terminated, in accordance with its terms, this *Judgment* shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the day the *Settlement* was reached. The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

14. This *Judgment* shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach, or liability. *Defendants* have denied and continue to deny all of the claims and allegations made by *Named Plaintiffs* in the

*Action* and specifically deny any liability, wrongful conduct, violation of law, or breach of duty of any kind.

15. This *Judgment* shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper, or unavailable.

16. This *Judgment* shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have in the event that the *Settlement Agreement* is terminated. Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in, the *Settlement Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

SO ORDERED this 14th day of June, 2021.

BY THE COURT:

   /s John Milton Younge
Judge John Milton Younge
United States District Judge